UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO DILLON | CIVIL ACTION |
| VERSUS | NO. 18-572 |
| SGT. MANNING, ET AL. | SECTION: "F"(3) |

## REPORT AND RECOMMENDATION

Plaintiff, Antonio Dillon, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Sergeant Manning and Warden Jim Miller. In this lawsuit, plaintiff asserts claims arising from an accident at the Washington Parish Jail.[1]

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on March 15, 2018. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Based on plaintiff's complaint and Spears hearing testimony, the Court finds that he is making the following allegations in this lawsuit:

On May 6, 2017, plaintiff was incarcerated at the Washington Parish Jail. After Sergeant Manning removed a grate from a drain hole, plaintiff accidentally stepped into the hole and fell to

---

[1] Plaintiff is currently incarcerated at the Concordia Parish Correctional Facility.

the floor. Plaintiff's fellow inmates called for assistance, and Manning was the first officer on the scene. Manning then left, saying he would return; however, he never returned.

After a shift change, two other officers came upon the scene. They said they were going to take a cigarette break and would return. However, before that occurred, a nurse notified plaintiff that an ambulance was on the way. Plaintiff was then transported to the hospital, and, approximately two and one-half hours after the accident, he first received medical attention. An x-ray was taken, and he was diagnosed as having a sprained ankle[2] and back pain. His ankle was wrapped, he was given pain medication, and he was sent back to the jail that same day.

When plaintiff arrived back at the jail, he filed an administrative grievance. The following day, Warden Miller spoke to plaintiff, accused him of faking an injury, and asked him to sign a waiver dismissing his grievance. Plaintiff refused. However, he never received a response to the grievance.

## I.  Screening Standards

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[3] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

---

[2] In the administrative grievance attached to plaintiff's complaint, Rec. Doc. 3, p. 12, plaintiff alleged that he had a "broken ankle"; however, at the Spears hearing, plaintiff testified that his ankle was only sprained, not broken.

[3] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

3

misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

## II.  Plaintiff's Claims

In this lawsuit, plaintiff asserted various claims pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

For the following reasons, even if plaintiff's § 1983 complaint is broadly construed,[4] it should be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

### A.  Uncovered Drain Hole/Slip and Fall

To the extent that plaintiff is asserting a "slip and fall" claim based on the fact that he fell because the drain hole had been left uncovered, that claim is not actionable under federal law. Accidental falls, while unfortunate, simply do not rise to the level of federal constitutional violations. See, e.g., Coleman v. Sweetin, 745 F.3d 756, 764 (5th Cir. 2014) ("[T]he lower court essentially held that prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations as a matter of law. We agree with this conclusion. ... Other federal courts, including district courts in this circuit, have frequently rejected constitutional claims arising from

---

[4] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

4

slip and fall accidents."); Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) ("slip and fall" lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983"); see also Wilson v. New Orleans City, Civ. Action No. 10-4388, 2010 WL 5582988, at *2 (E.D. La. Dec. 28, 2010) (inmate's claim that he sustained an injury as a result of uncovered drain hole was frivolous; "[a] prison sentence is not a guarantee that one will be safe from life's occasional inconveniences, such as an uncovered drain hole…" (quotation marks omitted)), adopted, 2011 WL 127152 (E.D. La. Jan. 14, 2011). As the United States Supreme Court has explained:

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. *Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.*

Baker v. McCollan, 443 U.S. 137, 146 (1979) (emphasis added).

### B. Delay in Medical Care

Plaintiff's claim concerning the delay in the provision of medical care fares no better. Obviously, all inmates, regardless of whether they are pretrial detainees or convicted prisoners, have a right to medical care in jail. However, that right is a limited one, and an inmate's federal constitutional right to medical care is violated only if his "serious medical needs" are met with "deliberate indifference" on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). Here, even if plaintiff could establish that he had a serious medical need,[5] which is doubtful at best

---

[5] "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

considering that he suffered only a sprained ankle[6] and back pain,[7] his claim nevertheless would still fail on the "deliberate indifference" prong of the analysis.

The United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Here, within two and one-half hours of plaintiff's injury, medical help was summoned and he was transported to the hospital. At the hospital, he was diagnosed with a sprained ankle and back pain, his ankle was wrapped, he was given pain medication, and he was sent back to the jail

---

[6] See, e.g., Chatin v. Artuz, 28 Fed. App'x 9, 10 (2d Cir. 2002) (prisoner's condition, "which medical staff at various stages of his treatment diagnosed as a sprained ankle, a bone spur, and a neuroma," did not constitute a serious medical need); Tate v. Lacey, Civ. No. 6:14-CV-06150, 2016 WL 4187031, at *4 (W.D. Ark. Aug. 8, 2016) ("A sprained ankle, without some obvious serious complication, is not an objectively serious medical need."); Dotson v. Correctional Medical Services, 584 F. Supp. 2d 1063, 1068 (W.D. Tenn. 2008) (ankle sprain with soft tissue swelling and inability to bear weight, but no fracture or dislocation, did not rise to the level of a serious medical need), aff'd, 385 Fed. App'x 468 (6th Cir. 2010); Bacon v. Harder, No. 06-C-455, 2006 WL 3842157, at *4 (W.D. Wis. Dec. 28, 2006) ("Plaintiff had a sprained left ankle which was not a serious medical need."), aff'd, 248 Fed. App'x 759 (7th Cir. 2007).

[7] See, e.g., Dickerson v. Collins, Civ. Action No. 14-00008, 2015 WL 5680368, at *4 & n.52 (M.D. La. Sept. 25, 2015) ("[C]ourts within this circuit have recognized [that] complaints of back pain and spasms without more simply do not rise to the level of 'serious medical needs.'"); Curran v. Aleshire, 67 F. Supp. 3d 741, 766 (E.D. La. 2014) ("Several courts also have found that neck and back pain are not serious medical needs."), appeal dismissed, 800 F.3d 656 (5th Cir. 2015); cf. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992) ("Continuing back pain is unpleasant. Its existence does not, however, in and of itself demonstrate that a constitutional violation occurred.").

that same day. Therefore, at worst, plaintiff experienced only a brief delay in receiving the minimal medical care required for his minor injuries. However, it is clear that a mere delay in receiving care is insufficient to create § 1983 liability unless *substantial* harm resulted. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); see also Brown v. Schmedhorst, 694 Fed. App'x 344 (5th Cir. 2017); Bennett v. Louisiana *ex rel.* Department of Public Safety and Corrections, No. 07-31189, 2009 WL 102080, at *4 (5th Cir. Jan. 15, 2009); Davis v. Kuykendall, 242 Fed. App'x 961, 962-63 (5th Cir. 2007). In this case, plaintiff has not alleged that he suffered substantial harm, and this Court has no reasonable basis for inferring that substantial harm would result from a two and one-half hour delay in receiving treatment for nothing more than a sprained ankle and back pain.

### C. Grievance

Lastly, plaintiff's claims against Warden Miller also fail for the following reasons.

To the extent that plaintiff is complaining that Warden Miller accused him of faking an injury, such an accusation is not actionable in and of itself. See, e.g., Hawkins v. Montague County, Texas, Civ. Action No. 7:10-cv-19, 2012 WL 13019539, at *13 (N.D. Tex. Mar. 15, 2012) ("Standing alone, the fact that [the jail administrator] may have subjected [a detainee] to verbal abuse by accusing him of faking his illness or telling others that [the detainee] was malingering does not rise to the level of a constitutional violation."); Evans v. Cerliano, Civ. Action No. 6:07cv504, 2008 WL 906304, at *6 (E.D. Tex. Mar. 31, 2008) ("While [inmate's] feelings of anger and frustration over being taunted and accused of 'faking,' when in fact he had a genuine injury, were undoubtedly real and certainly understandable, this does not cause the verbal abuse to rise to the level of a constitutional violation.").

To the extent that plaintiff is complaining that Warden Miller failed to issue a formal response to plaintiff's grievance, that allegation, even if true, did not violate his federal constitutional rights. Simply put: inmates do not have a constitutional right to an adequate and effective grievance procedure or to have their complaints investigated and resolved to their satisfaction. Bonneville v. Basse, 536 Fed. App'x 502, 503 (5th Cir. 2013); Propes v. Mays, 169 Fed. App'x 183, 184-85 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this second day of April, 2018.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**